*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-047

OCTOBER TERM, 2015

| | |
|---|---|
| Douglas Cavett | } APPEALED FROM: |
| | } |
| | } Superior Court, Chittenden Unit, |
| v. | } Civil Division |
| | } |
| | } |
| Andrew Pallito, Commissioner of | } DOCKET NO. 601-6-13 Cncv |
| Department of Corrections | } |

Trial Judge: Dennis R. Pearson

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals the superior court's grant of summary judgment to defendant, the Commissioner of the Department of Corrections (DOC), with respect to plaintiff's civil complaint pursuant to Vermont Rule of Civil Procedure 75 challenging a disciplinary rule (DR) conviction. We affirm.

The incident in question occurred on March 31, 2013, while plaintiff was incarcerated at the Southeast State Correctional Facility. Plaintiff met with the facility's shift supervisor, Sally-Jo Gagne, to discuss the grievance filing process at the facility. Ms. Gagne reported that plaintiff became agitated during the meeting, raised his voice, and "mimed" punching Ms. Gagne's filing cabinet several times. As a result of the incident, plaintiff was charged with violating a minor disciplinary rule prohibiting inmates from "[e]ngaging in minor disruptive behavior that interferes with normal facility operations or interferes with the program or living environment of other inmates." State Vermont Agency of Human Services, DOC, Facility Rules and Inmate Discipline #410.01, Disciplinary Rule M16, available at http://www.doc.state.vt.us/about/policies/rpd/correctional-services-301-550/401-500-programs-security-and-supervision/410-01-facility-rules-and-inmate-discipline.pdf.

A hearing on the DR violation was held on April 4, 2013. Ms. Gagne submitted a written report and testified at the hearing as to what occurred on the day of the incident. She stated that when plaintiff became angry and mimed punching the cabinet, she pulled out her radio and told him to leave her office or she would call for assistance. A nurse who had been in an adjoining office at the time of the incident also submitted a written report stating that she heard a man speaking to Ms. Gagne in a loud and angry voice and was concerned enough that when the person left she went into Ms. Gagne's office to make sure she was all right. Plaintiff also testified. He did not deny that he mimed punching the cabinet but stated that he did it in jest. Based on this evidence, the hearing officer found plaintiff guilty of violating DR M16 and sanctioned him with five days of early lock-in and five hours of community service.

After the DR violation was upheld through the administrative appeals process, plaintiff filed a Rule 75 action in the superior court. The parties' filed cross-motions for summary judgment. In a September 2, 2014, decision, the court denied plaintiff's motion for summary judgment and granted defendant's motion for summary judgment, concluding that there was some evidence to uphold the DR conviction. Among the spate of motions filed by plaintiff, he asserted a claim that the DR violation was "retaliatory" but he did not include such a claim in his Rule 75 petition or amend the petition when given the opportunity to do so. On appeal, defendant lists as the issues presented: (1) whether the superior court erred by not using his retaliation claim as evidence that DOC officials were not credible; (2) whether he was deprived of due process in that evidence favorable to him was destroyed, he was prevented from presenting evidence, and a witness was coerced into not testifying on his behalf; and (3) whether the court and defendant made false statements.

"[W]hen reviewing administrative action by the DOC under V.R.C.P. 75, we will not interfere with the DOC's determinations absent a showing that the DOC clearly and arbitrarily abused its authority." King v. Gorczyk, 2003 VT 34, ¶ 7, 175 Vt. 220. Accordingly, "when reviewing a decision from an inmate disciplinary hearing, we need find only that there was 'some evidence' in order to uphold a conviction." Id. That standard "requires us to determine whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. "We will affirm summary judgment when the record clearly indicates there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Id. "In applying this standard, we regard as true all allegations of the nonmoving party supported by admissible evidence and give the nonmoving party the benefit of all reasonable doubts and inferences." Id.

Upon review of the record, we uphold the superior court's summary judgment decision insofar as there was some evidence that defendant violated DR M16 by becoming agitated and disrupting facility operations during the incident in question, and plaintiff makes only bare allegations to challenge that evidence. Regarding plaintiff's retaliation claim, the superior court found that, despite having been given time to amend his complaint, plaintiff neither alleged retaliation in his complaint for relief from governmental action nor presented to the court anything other than bare allegations of a connection between his history of multiple grievances and the DR conviction at issue. See In re Girouard, 2014 VT 75, ¶ 13, 197 Vt. 162 (stating that claim of unconstitutional retaliation required petitioner to "demonstrate that he engaged in constitutionally protected conduct and that protected conduct was a 'substantial and motivating factor' in DOC's decision"). The record supports the court's rejection of plaintiff's retaliation claim. Plaintiff cannot avoid summary judgment by making mere unsupported allegations of retaliation. See Robertson v. Mylan Laboratories, Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (stating that "the opponent to a summary judgment motion cannot simply rely on mere allegations in the pleadings to rebut credible documentary evidence or affidavits, but must respond with specific facts that would justify submitting her claims to a factfinder" (citation omitted)).

By the same token, plaintiff makes only bare allegations with respect to his due process claims. For example, he makes an unsupported allegation that the nurse in the adjoining office at the time of the incident was coerced into not testifying on his behalf. There is nothing in the record to suggest that the witness was coerced into not testifying. Indeed, the witness submitted a written report to the hearing officer indicating that at the time plaintiff was in Ms. Gagne's office she heard an angry exchange between a man and Ms. Gagne and was concerned enough to see if Ms. Gagne was all right after the man left the office. Without plaintiff raising the issue,

the superior court addressed whether plaintiff's due process rights were violated by the fact that the nurse was not available to testify at the disciplinary hearing, but concluded that the written report was sufficiently reliable because it included the nurse's own observations concerning contemporaneous events.  Cf. Rodriquez v. Pallito, 2014 VT 18, ¶¶ 21-22, 195 Vt. 612 (stating that although parolee is entitled to due process protections, hearsay is admissible in parole revocation hearing where hearing officer finds good cause—with reliability being key factor—for not requiring confrontation of witness).

Plaintiff also argues that he was prevented from having witnesses testify at the disciplinary hearing and that an audiotape of Ms. Gagne's testimony was destroyed, but he fails to make any proffer as to what witness could have offered what testimony, and the record contains the written reports of both Ms. Gagne and the nurse that were submitted at the disciplinary hearing.  We find no basis to overturn the disciplinary hearing on due process grounds.  Finally, none of the so-called "false statements" made by the court or defendant create any doubt as to whether there was some evidence to support the disciplinary conviction.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice